UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

GRACE GREENE

                          Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.
HORN, CAPTAIN LUCIA BENNETT, CORRECTION
OFFICER MIGUEL ROBLES, CORRECTION OFFICER
CASEY EVANS, CORRECTION OFFICERS JOHN DOE
#1-2

                          Defendants.

------------------------------------------------------------- x

JUDGE PRESKA

**COMPLAINT AND JURY DEMAND**

'07 CIV 5975

ECF



## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 USC §§1983, 1988 and the Fourteenth Amendment and the laws and Constitution of the State of New York.

2. The claim arises from a March 24, 2006 incident in which Officers of the New York City Department of Correction ("DOC") acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, assault and battery, false arrest and false imprisonment and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Department of Correction Commissioner Martin Horn ("Horn") was at all times here relevant the Commissioner of the New York City Department of Correction, and, as such, was a policy maker with respect to training, supervision, and discipline of DOC officers, including the other individual defendants. On information and belief, defendant Horn, as Commissioner of DOC, was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, and conduct of all DOC personnel, including the defendants referenced herein. As Commissioner, defendant Horn is also responsible for the care, custody, and control of all inmates housed in the Department's jails. As Commissioner, Horn was provided on a daily basis with reports of applications of force, allegations of unreported use of force, and other breaches of security in the Department jails. In addition, at all relevant times, defendant Horn was

2

responsible for enforcing the rules of the DOC, and for ensuring that DOC personnel obey the laws of the United States and of the State of New York. Defendant Horn is sued in his individual capacity.

10. All the other captains and correction officers ("officers") mentioned were working at all times relevant here.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On March 24, 2006, plaintiff was at Riker's Island to visit her son, who was being detained at Otis Bantum Correction Center ("O.B.C.C."). She brought three magazines for him. During the security check at the Intake Unit at O.B.C.C., defendant officers allegedly found a "green substance" in between pages of a magazine and accused plaintiff of smuggling contraband. The defendant officers detained plaintiff by handcuffing her to a pipe, and then transported her to Bronx Criminal Court, where she was prosecuted and arraigned.

14. All charges were dismissed in plaintiff's favor when the lab results were returned negative.

15. Plaintiff was prevented from visiting her son at Riker's Island indefinitely.

3

16. At all times during the events described above, the Corrections Officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b. Violation of her right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d. Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e. Physical pain and suffering;

    f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

    g. Loss of liberty.

## FIRST CAUSE OF ACTION
### (42 USC § 1983)

19. The above paragraphs are here incorporated by reference.

20. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983.

21. Defendants' conduct deprived plaintiff of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

22. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY)

23. The above paragraphs are here incorporated by reference.

24. The City and the Commissioner are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

25. The City and the Commissioner knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

26. The aforesaid event was not an isolated incident. The City and the Commissioner have been aware for some time (from lawsuits, notices of claim and inmate complaints) that many of their officers are insufficiently trained on when sufficient probable cause exists to arrest and prosecute and on how to properly test a substance. The City and the Commissioner are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City and the Commissioner have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

27. The City and the Commissioner knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and the Commissioner failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

28. The City and the Commissioner have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

29. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City and the Commissioner to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

30. Defendants the City and the Commissioner have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

31. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City and Horn.

### THIRD CAUSE OF ACTION
(ASSAULT)

32. The above paragraphs are here incorporated by reference.

33. By approaching and handcuffing plaintiff to a pipe, defendants made plaintiff fear for her physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

34. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiffs under common law, 42

USC §1983 and New York State laws and Constitution.

35. Plaintiff was damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
(BATTERY)

36. The above paragraphs are here incorporated by reference.

37. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered them

38. Defendants used excessive and unnecessary force with plaintiff.

39. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

40. Plaintiff was damaged defendant's battery.

### FIFTH CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

41. The above paragraphs are here incorporated by reference.

42. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

43. Defendant intended to confine plaintiff.

44. Plaintiff was conscious of her confinement and did not consent to confinement.

45. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

46. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was

damaged.

### SIXTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

47. All preceding paragraphs are here incorporated by reference.

48. Defendants, acting with malice, initiated a prosecution against plaintiff and caused her to be prosecuted.

49. Defendants had no reasonable chance at prevailing against plaintiff.

50. The criminal proceedings were terminated in plaintiff's favor.

51. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

52. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

### SEVENTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

53. All preceding paragraphs are here incorporated by reference.

54. Defendants, acting under color of law, violated plaintiff's rights pursuant to §6 of the New York State Constitution.

55. A damages remedy here is necessary to effectuate the purposes of §6 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

### EIGHTH CAUSE OF ACTION
### (NEGLIGENCE)

56. All preceding paragraphs are here incorporated by reference.

57. Defendants, as officers acting under color of law, owed a duty to plaintiff to investigate,

in good faith and with reasonable care and diligence, the substance that defendants alleged was a controlled substance.

58. Defendants breached that duty by failing to use good faith and reasonable care and diligence in investigating the substance they alleged was a controlled substance.

59. Plaintiff was injured by defendant's breach.

### NINTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

60. The preceding paragraphs are here incorporated by reference.

61. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

62. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.  In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.  Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.  Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         June 22, 2007

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY 10007

      Department of Correction Commissioner
      Martin Horn
      60 Hudson Street
      New York, NY 10013

      Captain Lucia Bennett
      #1225 - OBCC
      16 - 00 Hazen Street
      East Elmhurst, NY 11370

      Correction Officer Miguel Robles #2128
      Emergency Response Unit
      16-16 Hazen Street
      East Elmhurst, NY 11370

      Correction Officer Casey Evans #15061
      N.I.C., 15 - 00 Hazen Street
      East Elmhurst, NY 11370

Yours, etc.,

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491
lglickman@stollglickman.com