UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GRACE GREENE,

                                                   Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
CAPTAIN LUCIA BENNETT, CORRECTION OFFICER
MIGUEL ROBLES, CORRECTION OFFICER CASEY
EVANS, CORRECTION OFFICERS JOHN DOE #1-2,

                                                   Defendants.

**ANSWER TO THE COMPLAINT**

<u>Jury Trial Demanded</u>

07-CV-5975 (LAP)

------------------------------------------------------------------------ x

        The City of New York and Department of Correction Commissioner Martin F. Horn,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action and invoke the Court's jurisdiction as stated therein.

        5. Deny the allegations set forth in paragraph "5" of the complaint.

---

[1] Upon information and belief, the individuals identified in the caption of the complaint as Captain Lucia Bennett, Correction Officer Miguel Robles and Correction Officer Casey Evans have not been served with a copy of the summons and complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Paragraph "9" states legal conclusions to which no response is required. To the extent a response is deemed required, defendants deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant Horn is the Commissioner of the New York City Department of Correction and that plaintiff purports to sue him in his individual capacity as stated therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Paragraph "11" states a legal conclusion to which no response is required.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that a document purporting to be a notice of claim was received by the Office of the Comptroller on or about June 27, 2006 and that the purported claim has not been settled or otherwise disposed of.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegation set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, including subparts (a) through (g) thereto.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "18" inclusive of this answer, as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "22" inclusive of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "31" inclusive of this answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "35" inclusive of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "40" inclusive of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "46" inclusive of this answer, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "52" inclusive of this answer, as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "55" inclusive of this answer, as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "59" inclusive of this answer, as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

63. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

64. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

65. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

66. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

67. Any injuries alleged in the in the complaint were caused, in whole or in part, by plaintiff's own culpable or negligent conduct and/or the conduct of third parties and were not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

68. Plaintiff may have failed to comply with conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

69. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

70. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

71. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

72. Plaintiff provoked any incident.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

73. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

74. There was reasonable suspicion and/or probable cause for any search of plaintiff.

**WHEREFORE,** defendants City of New York and Department of Correction Commissioner Martin F. Horn, request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:　　　New York, New York
　　　　　　August 22, 2007

　　　　　　　　　　　　　　　　　MICHAEL A. CARDOZO
　　　　　　　　　　　　　　　　　Corporation Counsel of the
　　　　　　　　　　　　　　　　　　City of New York
　　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　　100 Church Street
　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　(212) 676-1347

　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　Brooke Birnbaum (BB 8338)
　　　　　　　　　　　　　　　　　Assistant Corporation Counsel

To:　　　Mr. Leo Glickman, Esq. (By ECF)

Index No.  07-CV-5975 (LAP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| GRACE GREENE,<br><br>                Plaintiff,<br><br>          -against-<br><br>THE CITY OF NEW YORK, DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, CAPTAIN LUCIA BENNETT, CORRECTION OFFICER MIGUEL ROBLES, CORRECTION OFFICER CASEY EVANS, CORRECTION OFFICERS JOHN DOE #1-2,<br><br>                Defendants. |
| **ANSWER TO THE COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, New York  10007*<br><br>*Of Counsel Brooke Birnbaum*<br>*Tel:  (212) 676-1347* |

*Due and timely service is hereby admitted.*

*New York, N.Y........................................................................................ , 200...*

*.................................................................................................................. Esq.*

*Attorney for.................................................................................................*